No. 11,692.

JOHN HENRY SHOE COMPANY, LIMITED, VS. GILKERSON-SLOSS COM-
MISSION COMPANY, L. & A. SCHARFF.

Where an attachment on a just debt has been obtained against a debtor, which is
   maintained and a final judgment rendered for the amount demanded, creditors
   who were not parties to the litigation, on discovering that the attachment was
   fraudulently and collusively obtained by an agreement between the creditor
   and debtor, can not have the final judgment set aside solely on the ground of
   collusion in obtaining the attachment, as this assertion cou d only serve to
   dissolve the attachment, which could not prevent the final judgment on the
   amount demanded.

APPEAL from the Fifth Judicial District Court, Parish of More-
house.  *Vaughan, J. ad hoc.*

F. G. Hudson and E. T. Lamkin for Plaintiffs, Appellants.

Newton & Hall and G. H. Ellis for Defendants, Appellees.

Gunby & Sholars for Intervenors, Appellants.

Argued and submitted March 29, 1895.
Opinion handed down April 8, 1895.
Rehearing refused May 20, 1895.

The opinion of the court was delivered by

McENERY, J. To a proper understanding of this litigation refer-
ence is made to Gilkeson Sloss Commission Co. vs. Bond & Will-
iams, 44 An. 841; to Yale & Bowling vs. Bond & Williams, 45 An.
998, and Williams et als. vs. Gilkeson-Sloss Co., 45 An. 1013.

In the first suit attachments were issued against the defendants,
and the attachments were met by interventions to dissolve them,
among other reasons that the plaintiffs in attachment, and the de-
fendants, fraudulently agreed and colluded between themselves that
the attachments should issue against defendants, in order to place
their property beyond the reach of other creditors.

The motion to dissolve the attachments was overruled, on the
ground of the failure of intervenors to prove their charge of fraud-

ulent collusion. The affidavits for the several attachments were accepted as *prima facie* evidence of the grounds of the attachment, which was sustained by proof on the trial.

The plaintiffs in the instant cases, who were not parties to that litigation, bring this suit to annul all the proceedings under the attachment proceedings—the sale of the personal property which was made pending the litigation under an order of court and by consent of the parties, the final judgments and the sale of the immovable property under writs of *fi. fa.* issued in the several judgments obtained against the defendants, Bond & Williams.

In the two other suits alluded to there are many facts passed upon by this court adverse to the contention of plaintiffs, but they were decided upon the state of facts presented in the first suit.

Since these cases were decided the plaintiffs here have discovered evidence which conclusively shows that the allegations of intervenors in the first suit were true. Had the evidence now before us been then presented, the ruling on the motion to dissolve the attachments would have been different, and they would have been set aside without a moment's hesitation.

But the charges of fraud and collusion only could be urged as a means of dissolving the attachment. The dissolution of the attachment could not retard the pursuit of the defendants in the debts upon which the attachments issued. They were only conservatory remedies to hold the property until the final judgments were obtained. The personal property sold and purchased by the defendants during the pendency of the suit was subject to the final judgment. In the event of failure to obtain the judgment, the sale would be binding, and he would only be compelled to restore the price if he was permitted to retain it to await the result of the judgment.

Yale & Bowling and Baldwin & Co., who resisted the attachment of the commission company in their interventions, also attached the same property. The proceeds of the sale of the personal property were prorated among the attaching creditors. Yale & Bowling and Baldwin & Co. also obtained judgments against the defendants, Bond & Williams. Their attachments were honest pursuits of their debtors. Their claims were legal and valid. Execution issued under the judgments of Yale & Bowling and Baldwin & Co. and the Gilkeson-Sloss Commission Company, and the immov-

able property pursued by plaintiff was seized and sold and purchased by the last named judgment creditors, who had purchased the claims of the Monroe banks, which, it is alleged, colluded with the plaintiff in the first suit in obtaining the attachment. The bank claims were valid, and we have no serious doubt as to the amount due the commission company. There may have been some items against which there were defences, but the apparent confusion of accounts and conflicting claims were, in a measure, due to the efforts of the commission company to assist Bond & Williams in relieving them from debt. The main item of five thousand nine hundred and twelve dollars, which figured in the account of indebtedness, is fully explained in the cases in the 45th of Annual Reports referred to above.

The grounds alleged by plaintiff could only go to the dissolution of the attachment, and not to the dismissal of the suit, and not affect the validity of the judgment obtained by the commission company against Bond & Williams.

The plaintiffs assert no privilege on the personal property which the proceedings of defendants, by attachment, interfered with. They were ordinary creditors, and the attachments being out of the way they are like any other creditor, who must lose by the prior suit of a creditor who obtains a judgment and subjects his debtor's property to the payment of his debt. All the immovable property acquired by the commission company at the judicial sale was seized under the three writs, under the judgments mentioned, and the company had a mortgage on the property, or nearly all of it purchased at the sale. The company also held a lien on all the crops, and the cotton shipped to it was, in fact, subject to this lien and privilege.

This fact was noted in the case of Commission Company vs. Bond & Williams, 44 An. 841.

There is no question as to the validity of the judgments of Yale & Bowling and Baldwin & Co. The property purchased by the defendants was sold under writs issued under these judgments, as well as that of their own. Conceding that there is just cause of complaint to the last named judgment, and that it is an absolute nullity, this would not prevent the defendants from purchasing the property at the sale under the other judgments. At all events he had to pay the price of his bid. What part of the price he retained in his hands was probably more than covered by the amount of the mortgage claims he held against the property. Bond & Williams were insolv-

ent, and there were not assets sufficient to pay ordinary creditors. Our impression is that plaintiffs and intervenors were not injured by the sale of the property, and therefore have no cause to complain. In making this statement we will observe that we have not deemed it necessary to marshal the assets and liabilities, and definitely ascertain the extent of the insolvency, the amount of assets and the privileged debts.

The other reasons assigned are sufficient to reject plaintiffs and intervenors' demands.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, in favor of plaintiffs, and against defendants and intervenors, be affirmed.